12-1140-cv
Brooklyn Bottling of Milton, New York, Inc., v. Ecuabeverage Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand thirteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                        *Circuit Judges*.

─────────────────────────────────────────────

BROOKLYN BOTTLING OF MILTON, NEW YORK, INC.,

                        *Plaintiff-Appellee*,

              -v-                                          12-1140-cv

ECUABEVERAGE, CORP.,

                        *Defendant-Appellant*.

─────────────────────────────────────────────

Appearing for Appellant:     EDWIN D. SCHINDLER, Huntington, NY.

Appearing for Appellee:      PANAGIOTA BETTY TUFARIELLO, Esq., Intellectulaw, Mount Sinai, NY.


Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Ecuabeverage Corp. ("Ecuabeverage") appeals from the district court's September 4, 2008 denial of its motion for partial summary judgment; August 17, 2010 denial of its motion for summary judgment on the equitable ground of acquiescence; and March 6, 2012 grant of its motion to dismiss for lack of prosecution, but only to the extent that it argues the dismissal should have been made "with prejudice" rather than "without prejudice." We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a dismissal for failure to prosecute under the abuse of discretion standard." *United States ex. rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). On review from a final order, "we have discretion, in the interests of judicial economy" to review the denial of a motion for summary judgment. *See Am. Motorists Ins. Co. v. United Furnace Co.*, 876 F.2d 293, 302 (2d Cir. 1989). "We review *de novo* a district court's grant or denial of summary judgment, viewing the record in the light most favorable to the party against whom summary judgment is sought." *Mullins v. City of N.Y.*, 653 F.3d 104, 113 (2d Cir. 2011).

Here, we find that the district court did not abuse its discretion in dismissing without prejudice. Furthermore, we find that our concerns about judicial economy militate against considering the denial of Ecuabeverage's motions for summary judgment.

We have considered all of Ecuabeverage's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2